(U)

United States District Court
Western District of Virginia
Roanoke Division

Adrian Tosado,
            Plaintiff

v.

Special Housing Unit Officer GILBERT;
Unknown Special Housing Unit Officer A;
Unknown Special Housing Unit Officer B;

Case No. (Clerk To Supply)

7:20CV287

Preliminary Injunctive
Relief Requested

## CIVIL COMPLAINT

The Plaintiff, Adrian Tosado, respectfully commences this action by way of complaint against defendants in their individual capacities under the Eighth Amendment as interpreted by Farmer v. Brennan, 511 U.S. 825, 833 (1994). In support thereof, plaintiff offers the following particulars:

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer, Id. 833. Prison officials may be held liable under the Eighth Amendment only if they act with "deliberate indifference" or "reckless disregard" for a prisoner's safety. Farmer, Id. 836-837. In other words, prison officials may be liable if they knew that a prisoner was at substantial risk of serious harm, but ignored that risk and failed to take reasonable steps to protect the prisoner. Farmer, Id. 847

On March 25, 2020, defendants sought to move plaintiff in a cell with an active MS13 gang member. At that time, plaintiff had already refused general population and was in protective custody. Also at that time, plaintiff told defendants he could not be in a cell with an active gang member because active gang-

members are rewarded and ordered to physically assault protective custody inmates at all costs. Defendants knew this, and told Plaintiff if he continued to refuse to move they would "fuck [Plaintiff] up in chains." Plaintiff complied with defendants' threats and moved in with the MS13. About 30 minutes later, Plaintiff was stabbed 6 times by the MS13 in Plaintiff's left bicep, left shoulder, cheek, and the top of his skull. Plaintiff received 10 stitches and 5 staples, and now suffers from daily head pains and dizziness in the mornings.

On April 7, 2020, defendants did the exact same thing and forced plaintiff by threat to move into a cell with an active 4-27 gang-member where plaintiff was forced to fight and to hand within a few minutes of moving in that cell. Plaintiff suffered bruises in various places as a result. Since that time, plaintiff has not been able to use the administrative remedy process because every time he has turned a BP-9 in, it has been thrown away by his unit team. See Exhibit A, Letter To Regional Director. Thus, the administrative remedy process has "operated as a simple dead end." Ross v. Blake, 136 S.Ct. 1850, 1859 (2016). To avoid future damage to his person and retaliation by defendants or any of their coworkers, plaintiff respectfully seeks a preliminary injunction prohibiting such retaliation so he may return to his family whole under Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Plaintiff seeks to recover $99,000.00 from each defendant in their individual capacities in punitive, exemplary, and/or compensatory damages totaling $297,000.00

Respectfully
Submitted,

Date: May 17, 2020   X

Adrien Tosado
75243066
USP Lee
P.O. Box 305
Jonesville, Virginia 24263

③

Case 7:20-cv-00287-MFU-JCH Document 1 Filed 05/20/20 Page 4 of 4 Pageid#: 4



United States Penitentiary - Lee
P.O. Box 305
Jonesville, Va 24263

Legal Mail

To Clerk
U.S. District Court
210 Franklin Road, SW
Roanoke, Va 24011